**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

                Plaintiff

                                      DECISION and ORDER

-vs-

                                      19-CR-6026 CJS/MWP

DONNIE LEE JACKSON

                Defendant

_____

       This case was referred by text order of the undersigned, entered February 21, 2019, to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), ECF No. 32. On March 29, 2019, Defendant filed an omnibus motion, ECF No. 38, seeking *inter alia* suppression of statements and suppression of tangible evidence. As to the former, he maintains that such statements were obtained in violation of his *Miranda* rights and that they were the fruit of the unlawful search of his vehicle and cell phone. As to the latter, he maintains that the state parole officers lacked reasonable suspicion to search his vehicle, as well as the unapproved cell phone found in his vehicle, and that his Fourth and Fifth Amendment rights were violated when he was compelled to offer his face to unlock the cell phone and to provide its passcode. On June 13, 2019, ECF No. 48, and November 20, 2019, ECF No. 65, an evidentiary hearing was held regarding Defendant's applications to suppress statements and tangible evidence. On February 19, 2020, Magistrate Judge Payson filed a Report and Recommendation ("R&R"), ECF No.71, recommending that Defendant's application to suppress statements, purportedly made on May 7, 2018, be granted and that his application to suppress tangible evidence be denied. With respect to

tangible evidence, Magistrate Judge Payson concluded that the search of Defendant's vehicle and the search of his unapproved cell phone by New York State parole officers was rationally related to the performance of their duties (R&R, ECF No. 71, p. 19), and that "the contents of the unapproved phone and the SD card would inevitably have been searched even without the use of Jackson's face or the passcode he provided." (R&R, ECF No. 71, p. 23)  On March 3, 2020, Defendant timely objected, ECF No. 72, to that portion of the R&R wherein Magistrate Judge Payson recommended that his application to suppress tangible evidence be denied. The Government did not file any objections to the R&R.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made.  Upon a *de novo* review of the R&R, including a review the transcript of the evidentiary hearing held on June 13, 2019, ECF No. 48, and November 20, 2019, ECF No. 65,  the Court accepts the proposed findings and recommendation.

Accordingly, for the reasons set forth in Magistrate Judge Payson's R&R, ECF No. 71, Defendant's application to suppress statements allegedly made on May 7, 2018, ECF No. 38, is granted[1] and his application to suppress tangible evidence,  ECF No. 38, is denied.

In accordance with the General Order for the District Court for the Western District of New York, signed by the Honorable Frank P. Geraci, Chief Judge, on March

---

[1] As Magistrate Judge Payson points out in her R&R in fn. # 4, p.10, Defendant in his affidavit in support of his applications to suppress, ECF #44, referenced additional statements he allegedly made on June 11, 2018.The government has represented that it will not seek to introduce these statements on its case-in-chief, so the Court accepts the recommendation that the motion to suppress these statements should be denied as moot .

18, 2020, a copy of which is attached, this Court finds that the time from the date of this decision and order through May 13, 2020 is excludable for speedy trial purposes pursuant to 18 U.S.C. 3161 (h)(7) (A) &(B). In that regard, the Court prospectively finds that the exclusion is warranted in the interests of justice and outweighs either the Defendant's right or the public's right to a more speedy trial. This finding is based upon the fact that our country is currently in the midst of the Covid-19 pandemic, a internal crisis unparalleled in our nation's history, which has led to stringent social distancing measures, despite which 100,000 to 200,00 deaths are currently anticipated.

IT IS SO ORDERED.
Dated:  Rochester, New York
        April 1, 2020

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge